IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THEOPHILUS AGEDAH, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-12-175
:
JANET NAPLOLITANO, ET AL., : (Judge Conaboy)
:
    Respondents :

**FILED SCRANTON**
**APR 2 4 2012**
PER _____ (initials) _____
DEPUTY CLERK

## MEMORADNDUM
### Background

    Theophilus Agedah ("Petitioner"), filed the above captioned pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 regarding his detention by the Bureau of Immigration and Customs Enforcement (ICE) while confined at the Clinton County Correctional Facility, McElhattan, Pennsylvania. On February 24, 2012, Petitioner filed a second similar § 2241 action, Agedah v. Duran, et al., Civil No. 3:CV-12-359, which was consolidated into this case pursuant to Federal Rule of Civil Procedure 42(a).

    Named as Respondents therein are Secretary Janet Napolitano of the Department of Homeland Security, Field Office Director Thomas Decker of ICE, and Warden Thomas Duran of the Clinton County Correctional Facility.[1]

    On December 2, 2011, ICE issued a notice which provided

---

[1] This Court previously deemed Warden Duran to be sole Respondent since the only properly named respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242.

1

that Petitioner would be released from detention if he posted a bond in the amount of $70,000. Petitioner states that although his bond was reduced by an Immigration Judge to $ 25,000.00 dollars on January 17, 2012, it is still excessive and inappropriate based upon the circumstances of his case. Agedah adds that due to inability to pay the bond, his detention is presumptively unreasonable.[2] As relief, Petitioner seeks the imposition of a low bond in the amount of $2,000.00 or in the alternative his immediate release.

On April 23, 2012, Respondent filed a response stating that "Agedah was transferred from ICE custody in Philadelphia, Pennsylvania to ICE custody in Baltimore, Maryland, on March 30, 2012" and was released from custody that same day pursuant to an order of supervision which requires him to wear an electronic monitoring device. Doc. 8, p. 4. Consequently, Respondent seeks dismissal of the petition on the basis of mootness.

### Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v.

---

[2] Agedah adds that he suffers from health problems and has been subjected to assaults by other detainees.

2

Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously discussed, Respondent has notified the Court that Petitioner was released from ICE custody on March 30, 2012. According to a declaration by ICE Regional Chief Counsel Kent Frederick, Petitioner was transferred by ICE to Baltimore, Maryland on said date and "was released on a reporting program that requires him to wear an electronic monitoring device."[3]

---

[3] Frederick's declaration is bolstered by the fact that mail recently sent by the Court to Petitioner at the Clinton County
(continued...)

Doc. 8-1, Exhibit B, ¶ 4.

Since Agedah has been released from ICE custody, under the principles set forth in <u>Steffel</u>, his challenge to detention pending completion of his removal proceedings is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

                                */s/ Richard P. Conaboy*
                                RICHARD P. CONABOY
                                United States District Judge

DATED: APRIL 24TH, 2012

---

[3] (...continued)
Correctional Facility was returned with a notation that he had been released. <u>See</u> Doc. 7.

4